1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

*E-FILED - 5/29/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICKY DEMETRIUS LUJAN,

                     Petitioner,

     v.

A.K. SCRIBNER, Warden,

                     Respondent.

_____/

No. C 04-1154 RMW (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

       Petitioner Ricky Demetrius Lujan, a California state prisoner who is proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that various errors in his criminal proceedings resulted in a constitutionally invalid plea agreement. The court issued an order to show cause why the petition should not be granted. Respondent filed an answer and exhibits with the court. Petitioner has not filed a traverse. For the reasons given herein, the court DENIES the petition.

**BACKGROUND**

       The charges against petitioner arose from his acting as the "get away" driver in two grocery store burglaries committed in San Jose, California, in 1999. Opinion of the California Court of Appeal for the Sixth Appellate District ("Op.") at 2. During the first burglary, petitioner's fellow burglar assaulted a grocery store employee when the employee tried to recover the stolen property

from the bed of the "get away" vehicle, petitioner's pick-up truck.  Id.  Petitioner tried to jettison this same employee from the vehicle by alternately accelerating and braking the truck, causing the employee to jump from the truck.  Id.

Petitioner was charged with two counts of burglary (Cal. Pen. Code § 459) and one count of robbery (Id. § 211).  Op. at 1.  The information also alleged enhancements for two prior "strikes" (Id. § 667 (b)-(i) and 1170.12), one prior serious felony under section 667(a) and two prior prison terms under section 667.5(b).  Op. at 1.

Petitioner entered into a plea agreement.  Id.  Under this agreement, petitioner pleaded guilty to the charge of robbery, admitted to two prior "strikes," and agreed that he would be sentenced to 25 years to life.  Id.  In exchange, the prosecutor agreed to dismiss the remaining charges and enhancements.  Id.  After his plea was entered but before his sentencing hearing was held, petitioner, represented by new counsel, moved to withdraw his plea.  Id.  After a hearing on this matter, the trial court denied petitioner's motion because it found no good cause to allow petitioner to withdraw his plea, and sentenced petitioner to state prison for 25 years to life in accordance with the plea agreement.  Id.

Petitioner appealed.  Id. at 1-2.  The California Court of Appeal for the Sixth Appellate District, in an unpublished opinion, affirmed the judgment.  Id. at 8.  The California Supreme Court denied his petition for review.  Pet. at 3.  Petitioner filed the instant federal habeas petition in 2004.

As grounds for federal habeas relief, petitioner alleges that:  (1) he was denied various constitutional trial and pre-trial rights, such as the right to cross-examine witnesses and to challenge the reliability of evidence; (2) petitioner was denied the effective assistance of trial counsel; (3) petitioner was denied the effective assistance of appellate counsel; (4) petitioner was mentally incompetent at the time he entered his plea.[1]  Pet. at 4.

---

1. Petitioner puts forth fifteen claims in his petition.  The court has consolidated these claims under the five sections listed above.

United States District Court
For the Northern District of California

1

**STANDARD OF REVIEW**

2      A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf of a

3 person in custody pursuant to the judgment of a State court only on the ground that he is in custody

4 in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The

5 court may not grant a petition with respect to any claim that was adjudicated on the merits in state

6 court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or

7 involved an unreasonable application of, clearly established Federal law, as determined by the

8 Supreme Court of the United States."  Id. § 2254(d)(1).

9      "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

10 arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the

11 state court decides a case differently than [the Supreme Court] has on a set of materially

12 indistinguishable facts."  Williams v. (Terry) Taylor, 529 U.S. 362, 412-13 (2000).  "Under the

13 'unreasonable application clause,' a federal habeas court may grant the writ if the state court

14 identifies the correct governing legal principle from [the Supreme] Court's decisions but

15 unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

16      A federal habeas court may also grant the writ if it concludes that the state court's

17 adjudication of the claim "resulted in a decision that was based on an unreasonable determination of

18 the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

19 The court must presume correct any determination of a factual issue made by a state court unless the

20 petitioner rebuts the presumption of correctness by clear and convincing evidence.  Id. §2254(e)(1).

21      The state court decision to which 2254(d) applies is the "last reasoned decision" of the state

22 court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085,

23 1091-92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court to consider

24 the petitioner's claims, the court looks to the last reasoned opinion, in this case the opinion of the

25 California Court of Appeal.  See Nunnemaker at 801-06; Shackleford v. Hubbard, 234 F.3d 1072,

26 1079, n.2 (9th Cir. 2000).  Where the state court gives no reasoned explanation of its decision on a

27 petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the

28 record is the only means of deciding whether the state court's decision was objectively reasonable.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  When confronted with such a decision,

2  a federal court should conduct "an independent review of the record" to determine whether the state

3  court's decision was an unreasonable application of clearly established federal law.  Id.  If

4  constitutional error is found, habeas relief is warranted only if the error had a "'substantial and

5  injurious effect or influence in determining the jury's verdict.'"  Penry v. Johnson, 532 U.S. 782,

6  795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

7  **DISCUSSION**

8  **I.    Claims Relating to Alleged Denial of Rights Before Entry of Guilty Plea[2]**

9       Eight of petitioner's claims relate to events and proceedings that occurred before he pleaded

10 guilty.  Specifically, these claims allege that the trial court denied his right to confront and cross-

11 examine witnesses, denied his rights to a speedy trial and to due process when the trial court denied

12 his motion to change counsel, denied his right to be free from the cruel and unusual sentence he

13 received, which was not proportional to his crime (at most he was guilty of being "a reluctant

14 accessory after the fact"), impermissibly found petitioner eligible to be sentenced under Three

15 Strikes, denied his right to due process because he could not challenge the unreliable evidence, such

16 as a confession and a photograph line-up, and, finally, erred by using his prior convictions as

17 "strikes."  Pet., P. & A. at 2, 3, 6-11.

18      Petitioner's claims are foreclosed by caselaw.  A defendant who pleads guilty cannot later

19 raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional

20 rights that occurred before the plea of guilty.  See Haring v. Prosise, 462 U.S. 306, 319-20 (1983)

21 (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson,

22 411 U.S. 258, 266-67 (1973) (same); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing

23 to consider contention that petitioner's attorneys were ineffective because they failed to attempt to

24 prevent the use of his confession as pre-plea constitutional violation); see also Hudson v. Moran,

25 760 F.2d 1027, 1030 (9th Cir.) (finding no constitutional violation where defendant was not

26 informed that guilty plea would foreclose subsequent habeas relief).  Nor may a defendant who

27

28 2.  Claims 2, 5, 8, 10, 12-15

1   pleads guilty  collaterally challenge a voluntary and intelligent guilty plea entered into with the

2   advice of competent counsel.  United States v. Broce, 488 U.S. 563, 574 (1989); Mabry v. Johnson,

3   467 U.S. 504, 508 (1984).  Nor may he collaterally attack his plea's validity merely because he made

4   what turned out, in retrospect, to be a poor deal.  Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005)

5           The only challenges left open in federal habeas corpus after a guilty plea are the voluntary

6   and intelligent character of the plea and the nature of the advice of counsel to plead.  Hill v.

7   Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267.  A defendant who pleads guilty upon

8   the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by

9   showing that the advice he received from counsel was not within the range of competence demanded

10  of attorneys in criminal cases.  Tollett at 276; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir.

11  2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988); Hudson, 760 F.2d at 1030.

12          The eight claims at issue here relate to events that preceded petitioner's entry of his plea.

13  Petitioner cannot bring these claims in a federal habeas corpus proceeding, because, under Haring,

14  these claims relate to the alleged deprivation of constitutional rights that occurred before the plea of

15  guilty was entered.  By pleading guilty, petitioner waived his objections to the alleged deprivation of

16  his rights to cross-examine witnesses, to challenge the evidence against him, to have a speedy trial,

17  to change counsel, and to object to the (agreed-upon) sentence imposed.  The sole challenge left to

18  petitioner is that described in Lockhart:  whether his plea was knowing and voluntary and whether

19  the advice given by trial counsel regarding the plea bargain was not within the range of competence

20  demanded of attorneys in criminal cases.

21          Because petitioner is barred from asserting the claims listed above, the court must deny relief

22  on these grounds.  Accordingly, the court concludes that the state court's determination was not

23  contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was

24  it based on an unreasonable determination of the facts in light of the evidence presented under  28

25  U.S.C. § 2254 (d)(1), (2).

26

27

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    **II.    Claims of Ineffective Assistance of Trial Counsel[3]**

2           Petitioner contends that trial counsel rendered ineffective assistance through her advice to

3    petitioner regarding his decision to plead guilty, thereby resulting in a deprivation of his

4    constitutional rights under the Sixth Amendment.  Specifically, petitioner contends that trial counsel

5    rendered ineffective assistance (a) when she failed to attend petitioner's sentencing hearing;

6    (b) because of her defective and lacking knowledge of Three Strikes[4] and its relation to petitioner's

7    criminal history, which she failed to investigate; (c) when she coerced, misled, "deceived and

8    manipulated" petitioner into pleading guilty, thereby making his plea agreement invalid because it

9    was not entered into knowingly and voluntarily; and (d) because her cumulative errors denied

10   petitioner effective assistance of counsel at all stages.  Pet., P. & A. at 1, 4 & 7.  These issues

11   apparently were not raised on appeal.  The court will address each claim in turn after a review of the

12   applicable federal law.

13          Petitioner's claims of ineffective assistance of counsel will be examined under Strickland v.

14   Washington, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffectiveness of counsel,

15   petitioner must establish two things.  First, he must establish that counsel's performance was

16   deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing

17   professional norms.  Id. at 687-88.  Second, he must establish that he was prejudiced by counsel's

18   deficient performance, i.e., that "there is a reasonable probability that, but for counsel's

19   unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A

20   reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

21   Where the defendant is challenging his conviction, the appropriate question is "whether there is a

22   reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt

23   respecting guilt."  Id. at 695.

24   ─────────────

25   3.  Claims 1, 3, 4, 7 & 11.

26   4.  California's Three Strikes law, which appears in California Penal Code section
     667(b)-(i), was enacted by the Legislature and became effective March 7, 1994.  The heart
27   of the Three Strikes law is subdivision (e) of section 667, which prescribes increased terms
     of imprisonment for defendants who have previously been convicted of certain "violent" or
28   "serious" felonies, see Cal. Penal Code § 667(d).

**United States District Court**
For the Northern District of California

1    It is unnecessary for a federal court considering a habeas ineffective assistance claim to

2  address the prejudice prong of the Strickland test if the petitioner cannot even establish

3  incompetence under the first prong.  <u>See Siripongs v. Calderon</u>, 133 F.3d 732, 737 (9th Cir. 1998).

4    a.    <u>Trial Counsel's Failure to Appear at the Sentencing Hearing</u>[5]

5    Petitioner contends that trial counsel rendered ineffective assistance when she failed to

6  appear at the sentencing hearing.  Pet., P. & A. at 1.

7    Petitioner's claim is without merit.  Because he pleaded guilty, petitioner's challenges are

8  limited to whether his plea was entered into voluntarily and knowingly and the quality of the advice

9  counsel gave to him regarding the decision to plead guilty.  Trial counsel's failure to appear at

10 sentencing does not fall under either category of acceptable challenges  –  it does not relate to the

11 voluntariness of plea or the quality of advice trial counsel gave regarding the decision to plead.

12 Petitioner's claim is, therefore, barred by Supreme Court precedent, as articulated in <u>Lockhart</u>, 474

13 U.S. at 56-57 and <u>Tollett</u>, 411 U.S. at 267.

14    Even if petitioner's claim were not barred from review, it would still lack merit.  While it is

15 true that his trial counsel, Lindy Hayes, who represented him when he entered his plea, did not

16 appear at his sentencing hearing, petitioner was represented by the new trial counsel he had

17 obtained, Fredrick Ehler.  Because Hayes was no longer petitioner's counsel, she had no obligation

18 to appear at the sentencing hearing.  Because she had no obligation to appear, her failure to appear

19 cannot constitute an instance of deficient performance under the first requirement of <u>Strickland</u>.

20 Furthermore, even if she had an obligation to appear – petitioner contends that she was still listed as

21 counsel of record, even though the trial court confirmed that Ehler was representing petitioner at

22 sentencing[6] – petitioner has not shown that he suffered prejudice under the second prong of

23 <u>Strickland</u>.  Specifically, because the trial court sentenced him to the sentence he agreed to in his

24 plea agreement, he did not suffer any prejudice.  Because petitioner cannot meet the requirements of

25 <u>Strickland</u>, habeas relief is DENIED on this ground.

26 _____

27 5. Claims 1 & 4.

28 6. Ans., Ex. B, RT 7/12/00 at 22.

**United States District Court**
For the Northern District of California

1    Under this same set of facts, petitioner also contends that by denying his motion to withdraw

2 his plea, which occurred at the same proceeding as the sentencing, trial counsel violated his right

3 under the Sixth Amendment to have counsel of his choice, Hayes, represent him.

4    Petitioner's contention is without merit.  Petitioner made no motion to change counsel that

5 would alert the trial court of petitioner's wishes.  Without such notification, the trial court cannot

6 have violated petitioner's rights, as it had no idea of petitioner's wishes.  Habeas relief on this

7 ground is DENIED.

8    b.    Trial Counsel's Knowledge of California's Three Strikes Law

9    Petitioner contends that trial counsel had "little knowledge of Three Strikes," including the

10 exact criteria used to determine whether a prior conviction can be used as a strike.  Pet., P. & A. at 1

11 & 3.  Petitioner contends that if trial counsel had properly investigated petitioner's criminal history,

12 she would have discovered that petitioner had not served a prior prison term because this prior

13 conviction was stayed and that petitioner was placed on probation.  Pet. at 1. Petitioner asserts that

14 had trial counsel performed this reasonable investigation, she would have challenged the use of the

15 strikes and the prior conviction in determining what advice to give petitioner.  Id.

16    Petitioner's claim is without merit.  Petitioner provides no evidence to support his contention

17 that trial counsel failed to investigate or appropriately admit into her legal calculations petitioner's

18 criminal history.  Petitioner, then, has not established that trial counsel's performance was deficient

19 under Strickland.  Even if petitioner had established the first element, he has not established the

20 second element of Strickland, that of prejudice.  The state appellate court found no instance of

21 ineffective assistance of counsel, including on such issues as trial counsel's knowledge of

22 sentencing.  Specifically, the state appellate court stated that "all three counts were charged as third

23 strikes and therefore [petitioner] was facing a potential maximum exposure of three 25-years-to-life

24 [that is, 75 years] terms."  After the plea agreement, made in conjunction with trial counsel,

25 petitioner received only 25 years to life sentence, an enormous reduction in the sentence petitioner

26 was in jeopardy of serving.  Therefore, even if trial counsel's performance was deficient, the fact

27 that his sentence was one-third of that he very likely could have faced, this court cannot say that the

28 allegedly deficient performance resulted in prejudice.  Accordingly, habeas relief on this claim is

1   DENIED.

2         c.    <u>Trial Counsel's Alleged Coercion of Petitioner To Plead Guilty</u>[7]

3        Petitioner contends that trial counsel coerced him into pleading guilty because she

4   misunderstood the maximum sentence petitioner was facing, failed to tell petitioner that he had the

5   right to pursue the use of other counsel before pleading guilty, and told petitioner's family, who then

6   advised petitioner based on trial counsel's advice, that petitioner would not succeed at trial and that

7   pleading guilty was the best arrangement.  Pet., P. & A., at 7.

8        Petitioner claims that trial counsel coerced him because she misunderstood the maximum

9   sentence and failed to tell petitioner he had the right to use other counsel are not, in fact, claims of

10  coercion, but rather that trial counsel rendered ineffective assistance.

11       Petitioner's claim is without merit.  The state appellate court found no constitutional error in

12  trial counsel's performance on the issue of the maximum sentence: "[Petitioner contends that trial

13  counsel] misadvised him as to the maximum term [petitioner] faced.  As we explained earlier,

14  however, the record does not support defendant's claim that his maximum exposure was 50 years to

15  life plus six years.  On this record, we cannot conclude that his characterization of his counsel's

16  statement as a 'misadvisement' is correct."  Op. at 7.  Petitioner presents no countering evidence.

17  Accordingly, the court finds no evidence to support a claim that trial counsel's performance was

18  deficient.  Since petitioner has not shown a deficient performance, the court does not reach the

19  second prong of <u>Strickland</u>, that is, whether trial counsel's performance resulted in prejudice to

20  petitioner.  <u>Siripongs</u>, 133 F.3d at 737.

21       Petitioner's claim that trial counsel failed to tell him he could pursue the use of other counsel

22  is flatly contradicted by the record.  The state appellate court gave this summary of events:

23            Following the plea, [petitioner's] attorney stated, 'One of the things
              [petitioner] wanted me to place on the record was that I did ask Your
24            Honor if he could have an extra two days to consult with another
              attorney, and you indicated to me that that was not possible, that the
25            case was assigned here for discussion and that if the case did not settle
              it would be sent to another trial department.'  The [trial] court
26            concurred in [trial counsel's] representation of their discussion.

27  _____

28  7.  Claims 7 & 11.

United States District Court
For the Northern District of California

1   Op. at 3. From this, the court finds evidence that trial counsel did act on petitioner's request, though

2   it was denied by the trial court. Because she complied with petitioner's wishes, he cannot now claim

3   that trial counsel rendered a deficient performance by failing to act in accordance with his wishes.

4   Since petitioner has not shown a deficient performance, the court does not reach the second prong of

5   Strickland, that is, whether trial counsel's performance resulted in prejudice to petitioner. Siripongs,

6   133 F.3d at 737.

7           As to petitioner's claim that trial counsel coerced him by speaking to petitioner's family, a

8   guilty plea induced by promises or threats which deprive it of the character of a voluntary act is

9   void. See Machiroda v. United States, 368 U.S. 487, 493 (1962). Agents of the state may not

10  produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of

11  the defendant. See Brady v. United States, 397 U.S. 742, 750 (1970); see also Sanchez v. United

12  States, 50 F.3d 1448, 1454 (9th Cir. 1995). The court notes that the transcript of the plea hearing

13  plays a significant role in an inquiry into the validity of a plea:

14              For the representations of the defendant, his lawyer, and the prosecutor
                at such a hearing, as well as any findings made by the judge accepting
15              the plea, constitute a formidable barrier in any subsequent collateral
                proceedings. Solemn declarations in open court carry a strong
16              presumption of verity. The subsequent presentation of conclusory
                allegations unsupported by specifics is subject to summary dismissal,
17              as are contentions that in the face of the record are wholly incredible.

18  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (citations omitted).

19          Petitioner's claim that trial counsel coerced petitioner is flatly contradicted by the record. At

20  his plea hearing, petitioner stated under oath that his decision to enter a plea of guilty was the result

21  of sufficiently long discussions with his trial counsel about the nature and elements of, and defenses

22  to, the charges. Petitioner also stated that he was not threatened to make this decision, but rather

23  came to it "freely and voluntarily." Ans., Ex. B, RT at 16. Petitioner's own statements in court –

24  which, under Blackledge, carry a strong presumption of verity – heavily undercut his assertions of

25  coercion. Since petitioner has not overcome the Blackledge presumption, he has not shown that trial

26  counsel gave a deficient performance, and, therefore, the court does not reach the second prong of

27  Strickland, that is, whether trial counsel's performance resulted in prejudice to petitioner. Siripongs,

28  133 F.3d at 737.

**United States District Court**
For the Northern District of California

1    d.    Allegation of Cumulative Errors[8]

2    Although no single trial error is sufficiently prejudicial to warrant the granting of relief, the

3  cumulative effect of several errors may still prejudice a defendant so much that his conviction must

4  be overturned.  See Alcala v. Woodford, 334 F.3d 862, 893-95 (9th Cir. 2003).  However, where no

5  single constitutional error exists, there can be no cumulative error.  See Mancuso v. Olivarez, 292

6  F.3d 939, 957 (9th Cir. 2002).

7    The court has found no evidence of constitutional errors.  Accordingly, there can be no

8  cumulative error.

9    As to all of petitioner's claims regarding his trial counsel, the court finds no evidence of a

10  constitutional error and therefore concludes that the state court's decision was not contrary to, or an

11  unreasonable application of, clearly established Supreme Court precedent, nor that it was based on

12  an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. §

13  2254(d)(1), (2).

14  **III.    Claim of Ineffective Assistance of Appellate Counsel[9]**

15    Petitioner contends that appellate counsel rendered ineffective assistance when he "did not

16  raise the issue that trial counsel was ineffective and also failed to renew this claim in the Supreme

17  Court via petition for writ."  Pet., P. & A. at 4.

18    The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the

19  effective assistance of counsel on his first appeal as of right.  See Evitts v. Lucey, 469 U.S. 387,

20  391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to the

21  standard set out in Strickland v. Washington, 466 U.S. 668 (1984).  Miller v. Keeney, 882 F.2d

22  1428, 1433 (9th Cir. 1989); Birtle, 792 F.2d at 847.  A defendant therefore must show that counsel's

23  advice fell below an objective standard of reasonableness and that there is a reasonable probability

24

25  8. In several claims, petitioner contends that trial counsel's cumulative errors resulted in

26  prejudice to him.  Those claims were often intertwined with other assertions, so the court
   here addresses alone his general contention regarding trial counsel's alleged cumulative

27  errors.

28  9. Claim 6.

1   that, but for counsel's unprofessional errors, he would have prevailed on appeal.  Miller, 882 F.2d at

2   1434 & n.9 (citing Strickland, 466 U.S. at 688, 694; Birtle, 792 F.2d at 849).

3         Petitioner's claim is without merit.  The court has already determined that there was no

4   evidence that trial counsel rendered ineffective assistance.  Because there is no evidence of

5   ineffective assistance by trial counsel it cannot have been error for appellate counsel to fail to raise

6   this same issue on appeal.  Accordingly, the court finds no evidence of a constitutional error and

7   therefore concludes that the state court's decision was not contrary to, or an unreasonable

8   application of, clearly established Supreme Court precedent, nor that it was based on an

9   unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1),

10  (2).

11  **IV.    Claim of Mental Incompetence**[10]

12        Petitioner contends that he was mentally incompetent at the time he entered his plea.  Pet. at

13  6.  Specifically, petitioner contends that he was "under heavy medication" and had already been

14  "deemed legally mentally retarded" by a federal court[11] so "he could not be responsible for his own

15  affairs."[12]  Pet. at 6.  The state appellate court stated that petitioner "has failed to show that the trial

16  court abused its discretion in deciding [petitioner] had not shown good cause to withdraw his plea."

17  Op. at 7.

18        At the plea hearing, petitioner stated that he was taking the medications Lithium, Elavil, and

19  Trazodone three times a day, including the day of the plea hearing.  Id. at 3.  (A pharmacist testified

20  that "Elavil is an antidepressant that can cause drowsiness, and Trazodone, which is also prescribed

21  for depression, also causes drowsiness.  Combined the two drugs could cause 'pronounced

22

23  10.  Claim 9.

24  11.  Other than petitioner's statement, there is no evidence in the record of the instant case
    of that alleged finding.
25

26  12.  Petitioner testified that he is a diabetic and feels "faint, dizzy, panicky" when he has
    low  sugar.  Ans., Ex. B, RT 7/12/00 at 23.  He has not listed this condition as a cause for
27  his allegedly impaired mental state.  Even if it were listed, the court finds no evidence in
    the record of any resulting mental impairment that affected the knowing and voluntary
28  entry of his guilty plea.

United States District Court
For the Northern District of California

drowsiness.'" Op. at 4).  At the plea hearing, petitioner stated that these medications make him sleepy, but also declared that he was not sleepy, that he was thinking clearly and that he wanted to continue with the plea-entry proceedings.  Id. at 3.

The trial court heard these facts again at a hearing on petitioner's motion to withdraw his plea.  At this hearing, petitioner testified that on the day he entered his plea he was taking four medications – those listed above and Benzapril.  Id. at 4.  He stated that he did not remember the exchange with the judge at the plea hearing, but did remember being angry at his attorney because he wanted to speak to another attorney.  Id.  The prosecutor contended that petitioner was not credible because "he remembers what he wants to remember and is trying to forget things that he wants to forget."  Ans., Ex. B, RT at 45.  As an example of this, the prosecutor mentioned that petitioner remembered being angry with trial counsel at his plea hearing and could clearly recall the reason he was angry.  Id.  The trial court, in denying petitioner's motion, ruled simply that, based on the record, petitioner "failed to demonstrate good cause for the withdrawal of the plea at this time," citing no specific facts or law.  Id. at 46.

A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  North Carolina v. Alford, 400 U.S. 25, 31 (1970).  In order to determine whether or not the choice to plead guilty was voluntary and intelligent the circumstances surrounding the plea must be reviewed, focusing particularly on whether or not the defendant was made "fully aware of the direct consequences" of the plea.  Brady v. United States, 397 U.S. 742, 755 (1970); Id. at 755 (quoting Shelton v. United States, 246 F. 2d 571, 672 n.2 (1957)).  Although a defendant is entitled to be informed of the direct consequences of the plea, the court need not advise him of "all possible collateral consequences."  Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988).

This court must defer to the findings of the state trial court.  Because the trial court based its decision on the record, it must have accepted the prosecutor's contention that petitioner was not credible.  The fact that petitioner was on several types of medication at the time he entered his plea is certainly of great concern when determining whether his plea was a voluntary and intelligent choice.  A review of the plea hearing transcript, however, gives no indication that petitioner's

1  responses were anything other than clear, articulate, and given voluntarily and with an awareness of

2  the situation before petitioner.  Accordingly, the court must defer to the trial court's findings based

3  on the testimony and other evidence presented to it on this issue.

4      Accordingly, the court concludes that the state court's determination was not contrary to, or

5  an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an

6  unreasonable determination of the facts in light of the evidence presented under  28 U.S.C. § 2254

7  (d)(1), (2).  Habeas relief on this claim is DENIED.

8                                        **CONCLUSION**

9      The court concludes that the state court's adjudication did not result in a decision that was

10  contrary to, or involved an unreasonable application of clearly established federal law, as determined

11  by the United States Supreme Court.  The court also concludes that the state court's adjudication did

12  not result in a decision that was based on an unreasonable determination of the facts in light of the

13  evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

14      The clerk shall close the file.

15      **IT IS SO ORDERED.**

16

17  DATED: __5/23/08_____

18                                          RONALD M. WHYTE
                                           United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California